IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GARY H. HEATON,**	CV 04-1439-BR

	**Plaintiff,**	OPINION AND ORDER

**v.**

**JO ANNE B. BARNHART,
Commissioner, Social
Social Security Administration,**

	**Defendant.**


**SARA L. GABIN**
Five Centerpointe Drive, Suite 400
Lake Oswego, OR 97035
(503) 620-3171

	Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1028

1 - OPINION AND ORDER

**VIKASH CHHAGAN**
Acting Regional Chief Counsel, Seattle, Region X
**RICHARD A. MORRIS**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2156

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Gary H. Heaton seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's protective application for Disability Insurance Benefits (DIB).

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough and careful review of the record, the Court **AFFIRMS** the Commissioner's final decision.

## ADMINISTRATIVE HISTORY

Heaton was last insured for DIB on September 30, 1994. Heaton filed his application for DIB on June 26, 2002.  The application was denied initially and on reconsideration.  A hearing was held on January 22, 2004.  At the hearing, Heaton was represented by an attorney.  Heaton, his wife, and a vocational expert (VE) testified at the hearing.

On January 26, 2004, an Administrative Law Judge (ALJ)

issued a decision denying Heaton's application.  That decision became the final decision of the Commissioner on August 10, 2004, when the Appeals Council denied Claimant's request for review.

## FACTUAL BACKGROUND

Heaton was born on April 15, 1947.  He was 56 years old at the time of the hearing.  Heaton was 47 years old on September 30, 1994, the date he was last insured for DIB.

Heaton graduated from high school and attended college for two years.  He served in the military from 1965 through 1985, including two tours of duty in Vietnam.  Heaton's past relevant work includes employment as an electrician's assistant, welder, and diesel mechanic.  Tr. 89, 153.  He has not performed any substantial gainful activity since his alleged disability onset date of October 15, 1989.  Heaton apparently began receiving disability benefits from the Department of Veterans' Affairs (VA) in 2002.  Tr. 65.  At the time of the hearing, Heaton was receiving $2,455 per month from the VA.  Tr. 162.  Heaton's disability rating from the VA is based on the following service-related conditions:  post-traumatic stress disorder; degenerative joint and disc disease of the lumbar and cervical spine; and degenerative joint disease of the right knee, left knee, and right shoulder.  Tr. 66.

## STANDARDS

The initial burden of proof rests on the claimant to establish he was disabled prior to his last insured date. 42 U.S.C. § 423(c). *See also Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998). To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is

susceptible to more than one rational interpretation."  *Andrews*, 53 F.3d at 1039-40.

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Yuckert*, 482 U.S. at 140.  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. § 416.920(d). The criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(f)(1).

**II. The ALJ's Decision**

At Step One, the ALJ found Heaton had not engaged in substantial gainful activity since the onset of his alleged disability. Tr. 21.

At Step Two, the ALJ found Heaton had not established his ability to perform work activities was continuously limited by medically determinable severe impairments since September 30, 1994. Tr. 23. Accordingly, the ALJ found Heaton was not disabled before his date last insured. The ALJ, therefore, did not reach the final three steps of the sequential inquiry.

**DISCUSSION**

Heaton contends the ALJ erred when he failed to have a medical examiner testify at the hearing and when he improperly rejected medical opinions. Heaton contends he is entitled to benefits because the evidence establishes he was disabled before September 9, 1994, the date he was last insured. Heaton also seeks to submit additional medical records that were not submitted either to the ALJ or to the Appeals Council.

**A. Heaton's Newly-Submitted Evidence**

Heaton submitted 43 pages of documents to the Court with his opening brief. Heaton admits none of these documents were presented to the ALJ or to the Appeals Council. Heaton apparently seeks remand to allow him to introduce this additional

evidence.

The court will remand for consideration of new evidence when "the evidence is material and the claimant establishes good cause for failing to submit the evidence during the administrative process." *Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1995). The additional material Heaton seeks to submit consists of medical records and workers' compensation claim documents pertaining to a neck injury Heaton sustained on the job in 1987 and documents from 2003 and 2004 from the VA regarding its evaluation of Heaton's disability claim. The workers' compensation documents indicate Heaton was released for full-time, regular work on September 3, 1988. These documents, therefore, are not material to Heaton's assertion that he was disabled before September 30, 1994. The VA documents address Heaton's physical and mental condition in 2003 and 2004 and, therefore, also are not material to Heaton's contention that he was disabled before his date last insured. In addition, Heaton has not provided any reason for not submitting these documents to either the ALJ or the Appeals Counsel.

Accordingly, the Court concludes Heaton has failed to show good cause for not submitting the additional evidence during the administrative process.

**B.    Failure to Call a Medical Expert**

Heaton argues the ALJ erred by failing to call a medical

expert to testify at the hearing.  When the record is ambiguous as to the onset date of the claimant's disability and medical inferences need to be made, the ALJ must call a medical expert to assist in determining the onset date.  *Armstrong,* 160 F.3d at 590.  The record in this matter does not contain any medical evidence to support Heaton's contention that he was disabled before September 30, 1994.  In fact, the only medical evidence in the record is dated 2002 and later.  The record is not ambiguous because there is not any evidence to support an onset date before Heaton's date last insured.  The Court, therefore, finds the ALJ was not required to call a medical expert to assist in determining the onset date.

Accordingly, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 17th day of August, 2005.

/s/  Anna J. Brown
_____
ANNA J. BROWN
United States District Judge